# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Fox et ux.

v.

West Group et al.

## December 19, 1991

## Case No. (Law) CL910606

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant Alexandria Management Corporation's Plea in Bar based on the statute of limitations. The plea must be sustained.

This cause of action for property damage arose in March of 1986 (apparently this is not in dispute), and the first suit was filed on June 27, 1988. After a stay pending arbitration, a nonsuit pursuant to § 8.01–380 was taken by Plaintiffs by order dated December 10, 1990. This action was filed on June 18, 1991, more than six months after the date of the nonsuit.

Defendant argues that under § 8.01–229(E)(3), Plaintiffs were required to file within six months or they would be held to the original period of limitations; that is, by March of 1991. Since Plaintiffs did neither, Defendant argues that this cause should be dismissed.

Plaintiffs respond by asserting that the tolling provisions of § 8.01–229(E)(3) allow for the filing within the period of time that would have remained from the original limitation after the filing of the original suit; that is, two years and nine months from the date of the nonsuit order.

Plaintiffs' argument is without merit. Under § 8.01-229(E)(3), a nonsuited action must be refiled within six months or "within the *original* period of limitation . . . ." (Emphasis added.) In addition, § 8.01–229(E)(1) allows for such a computation of time except as provided in § 8.01–229(E)(3). While § 8.01–229(E)(3) does refer to "tolling" of the statute, it means simply that the running of the stat-

ute is suspended during the pendency of the case. This section then specifically states the time in which the action must be refiled. This is six months or the original period of limitation, whichever is greater. Since the original period of limitations would have expired in March of 1991 and the six-month provision on June 10, 1991, Plaintiffs' filing on June 18, 1991, comes too late.

Plaintiffs further argue that because this matter was stayed pending arbitration, they are entitled, under § 8.01–229(C) to add to the original period of limitations the amount of time the action was stayed. The plain language of this section means that there is "tolling" when commencement of an action is stayed. Here, this action had already been commenced and § 8.01–229(C) is inapplicable.